UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RECKITT BENCKISER (ENA) BV,

        Plaintiff,

      v.                                                     Case No. 22-C-307

TUFCO LP,

        Defendant.

## ORDER DENYING MOTION TO RESTRICT

On March 10, 2022, Plaintiff Reckitt Benckiser (ENA) BV filed this action against Defendant Tufco LP. Plaintiff filed the complaint under seal and requests that the complaint remained restricted from the public. The parties also filed a joint motion to restrict Defendant's brief in opposition to Plaintiff's motion to seal because it quotes from the sealed complaint.

Documents should only be restricted from public access for good cause. Gen. L.R. 79(d)(3). In order to show good cause to restrict a document, the party requesting protection must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002); *see also* Gen. L.R. 79(d)(3) ("Any motion to restrict access or seal must be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record."). Neither bare assertions of confidentiality nor the agreement of the parties is sufficient to warrant restricting documents from the public. The long-standing tradition in this country is that litigation is open to the public. *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000); *see also Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346 (7th Cir. 2006) ("What happens in the federal courts

is presumptively open to public scrutiny."). A motion to restrict "should be limited to that portion of the material necessary to protect the movant from harm that may result from disclosure, e.g., the fact that a single page or paragraph of a document contains confidential material generally will not support a motion to seal the entire document." Comment to Gen. L.R. 79 (E.D. Wis.). To the extent possible, the movant should file a version of the document or material that redacts only those portions of the document that are subject to the sealing requirement. Gen. L.R. 79(d)(2). With these standards in mind, the Court turns to the instant motions.

Plaintiff seeks to restrict the public's access to the complaint filed in this case. It asserts that the complaint "contains confidential commercial information that has not been made public and that the parties are legally required to keep confidential" and has filed a heavily redacted version of the complaint for public viewing. Dkt. No. 2 at 2. The parties also jointly request that Defendant's brief in opposition be restricted because it quotes information from the complaint. These requests are grossly overbroad. Entire pleadings and briefs should not be restricted absent unusual circumstances. *See Union Oil*, 220 F.3d at 567. The Seventh Circuit has explained that "[m]any a litigant would prefer that the subject of the case—how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on—be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing." *Union Oil*, 220 F.3d at 567; *see also Baxter*, 297 F.3d at 547 ("[M]any litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, but when these things are vital to claims made in litigation they must be revealed."). Although Plaintiff seeks to withhold proprietary information from the public, the sweeping redactions in the complaint have the practical effect of restricting the entire case. An interested member of the public reading the redacted complaint would have no

idea what the case is about, as Plaintiff has redacted the causes of action it asserts against Defendant and the underlying facts of the case. Plaintiff has not demonstrated the good cause necessary to restrict the public's access to the complaint or Defendant's brief in opposition to the motion to seal.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to seal the complaint (Dkt. No. 2) and the parties' joint motion to seal Defendant's brief in opposition (Dkt. No. 6) are **DENIED**. Before unsealing these documents, the Court will afford Plaintiff an opportunity to voluntarily dismiss the case so that the documents remain restricted from public access. If Plaintiff wishes to voluntarily dismiss the action, Plaintiff must file a notice of voluntary dismissal within 14 days of the date of this order. In the event a notice of voluntary dismissal is not filed within that time, the Court will infer that Plaintiff intends to move forward with the action, and the documents will be unsealed.

Dated at Green Bay, Wisconsin this 29th day of April, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge